```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GEORGE ROFAIL,                          |
                                        |
                Plaintiff,              |         NOT FOR PUBLICATION
                                        |         MEMORANDUM & ORDER
        -against-                       |
                                        |         04 CV 2502 (CBA)
UNITED STATES OF AMERICA,               |
                                        |
                Defendant.              |
--------------------------------------------------------X
```
Amon, UNITED STATES DISTRICT JUDGE

This Court has before it an appeal to a non-dispositive discovery order of the Honorable Joan M. Azrack, United States Magistrate Judge, denying defendant United States of America's Motion for a Protective Order and directing it to produce the plaintiff George Rofail's statement and other investigative materials to the plaintiff prior to his deposition. The defendant has appealed the Order on the grounds that it is clearly erroneous and contrary to law and has requested, in the event that this Court affirms Judge Azrack's ruling, that this court certify the interlocutory decision to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1292. For the reasons set forth herein, the defendant's appeal is denied and this Court declines to certify the question to the Second Circuit.

## BACKGROUND

Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C. § 688 (2004), seeking recovery for injuries suffered aboard the USNS Denebola on January 15, 2003. Soon after the accident, while plaintiff was hospitalized and not yet represented by counsel, defendants took statements from plaintiff as well as from other crew members and prepared an accident report. Plaintiff has requested that all the statements and the report be produced prior to his deposition. In response, the defendant sought a protective order pursuant to Fed. R. Civ. P. 26(c)(2) directing

that the disclosure of these materials be delayed until after the completion of plaintiff's deposition on the grounds that the defendant is entitled to plaintiff's unrefreshed testimony as to how the accident occurred.  Judge Azrack denied defendant's motion.  Defendant filed the present appeal.

## STANDARD OF REVIEW

The decision of the magistrate judge in a non-dispositive matter will only be set aside if it is found to be "clearly erroneous or contrary to law."  F. R. Civ. P. 72(a) (2004); see 28 U.S.C. § 636(b)(1)(A)(2002); Surles v. Air France 210 F. Supp. 2d 501, at *502 (S.D.N.Y. July 24, 2002).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 394 (1948).  An order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Bolanos v. Norwegian Cruise Line Ltd., 2004 WL 769766, at *2 (citing Thompson v. Keane, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).  A magistrate judge's resolution of discovery disputes deserves substantial deference. Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y.2001).

## DISCUSSION

Upon review of the parties' submissions and the relevant case law, this Court finds that Judge Azrack's decision was neither clearly erroneous nor contrary to law.  A trial judge enjoys wide discretion in its handling of pretrial discovery.  Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992).  Defendant argues that Judge Azrack's decision is "in conflict with all the authorities on the issue." This Court, however, disagrees.  Although it is true that there is

case law standing for the proposition that a trial court may act in its discretion to order a deposition prior to the completion of document discovery, no case suggests that such a decision is required or that it is erroneous not to do so. To the contrary, the majority of the cases relied upon by the defendant make clear that whether or not such relief should be granted is a matter within the court's discretion.  General Houses, Inc. v. Marlock Mfg. Corp., 239 F.2d 510, 514 (2d Cir. 1956) ("In its motion to quash, General Houses also asked that its interrogatories be answered before the deposition. The order of examination is at the discretion of the trial judge and we can not say there was an abuse of discretion here."); Hogan v. Masucci, 1997 U.S. Dist. LEXIS 13799, at *17 (N.D.N.Y. Sept. 9, 1997) ("In a majority of cases, interrogatory and document discovery are completed prior to depositions.  However, this is certainly not a hard and fast rule, and the sequence of discovery is at the discretion of the trial judge."); Mills v. Energy Transp. Corp., 1996 U.S. Dist. LEXIS 18889, at *2-3 (S.D.N.Y. Dec. 20, 1996) ("Courts have repeatedly held, that in there [sic] circumstances, it is within the Court's discretion to stay document production and interrogatory answers in order to ensure that a defendant gets plaintiff's unrefreshed testimony"); Meisch v. Fifth Transoceanic Shipping Co. Ltd., 1994 U.S. Dist. LEXIS 14995 (S.D.N.Y. Oct. 20, 1994) ("An order regarding the sequence of discovery is at the discretion of the trial judge.").

Moreover, Judge Azrack correctly analyzed and applied the principles outlined in Rule 26 of the Federal Rules.  Rule 26, pursuant to which defendant made its motion, states in relevant part that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is

3

> pending . . . may make any order which justice required to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (c) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time and place.

Fed. R. Civ. P. 26. Judge Azrack determined that the defendant had not established good cause to justify the grant of a protective order. In light of the fact that the defendant's only reason for requesting that plaintiff be deposed prior to the completion of discovery is the risk that plaintiff will tailor his testimony, absent any facts to justify this suspicion, Judge Azrack's determination was not an abuse of discretion. As stated by the court in <u>Vinet v. L Marine Mgmt., Inc.</u>:

> [defendant's contentions] are merely conclusory allegations, unsupported by any particular and specific demonstration of fact. Civil discovery is not a game of ambush. A clear requirement in the rules, as in Rule 26(b)(3), may not be evaded by such unsubstantiated surmise. To conclude that a witness would lie because his accidents were unwitnessed or would testify truthfully only because of the threat that his prior statements might contradict him is simply stereotyping, as is the assumption that his post-accident statements are the only "true versions" of the facts.

2004 U.S. Dist. LEXIS 26356, at *7-8 (E.D.La. April 28, 2004). This reasoning applies equally here. Judge Azrack's determination that the defendant had not met his burden of demonstrating just cause for a protective order—as applied to both plaintiff's statement as well as the other investigative materials—was not an abuse of discretion.[1] Accordingly, the defendant's appeal is

---

[1] In effect, this case is distinguishable from a case such as <u>Hogan</u>, where the court granted the defendant's request to depose the plaintiff prior to turning over certain discovery materials. In that case, which involved an alleged copyright infringement, the documents at issue were the defendants and concerned the manner in which the defendants created their comic books. The court in Hogan held that none of these documents could be of any assistance to the plaintiff in refreshing his recollection and went out of its way to distinguish cases, where as here, a statement made by the plaintiff is involved. <u>Hogan</u>, 1997 U.S. Dist. LEXIS 13799, at *18-22 (distinguishing <u>Parla v. Matson Navigation Co.</u>, 28 F.R.D. 348 (S.D.N.Y. 1961) because it involved a statement given by the plaintiff to the defendant and stating that, "if the defendants are in possession of any statements, signed or otherwise, from Hogan, they must be disclosed prior to Hogan's deposition.").

denied.

Moreover, this Court is not of the opinion that Judge Azrack's order presents "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. The defendant's motion for certification of the interlocutory order is therefore denied.

## CONCLUSION

After a review of the magistrate's decision to deny defendant's motion for a protective order and the facts of this case, this Court finds that it was not clearly erroneous. Defendant's appeal of Judge Azrack's order is therefore denied. In addition, this Court declines to certify the interlocutory decision to the Court of Appeals.

SO ORDERED.

Dated:   Brooklyn, New York
         July 7, 2005

                                        Carol Bagley Amon
                                        United States District Judge